Callaway & Reed, of Dallas, for appellant.

J. J. Collins, City Atty., and A. A. Long, W. Hughes Knight, H. P. Kucera, and A. J. Thuss, Asst. City Atty., all of Dallas, for appellee.

## ATLAS METAL WORKS v. CITY OF DALLAS.

### No. 10796.

Court of Civil Appeals of Texas. Dallas.

June 26, 1930.

VAUGHAN, J.

Appellant, the Atlas Metal Works, filed its suit on November 1, 1929, against the city of Dallas, appellee, and the Missouri, Kansas & Texas Railroad Company of Texas, as defendants, to obtain against said railroad company, upon final hearing, a mandatory injunction requiring said company to remove certain

tracks, and prayed for and secured a temporary restraining order ex parte against appellee city, restraining its board of commissioners from passing an ordinance at its third reading, which, if passed, will in effect grant said railroad company the easement and franchise to maintain and operate spur and side tracks in Ardrey, Gibbs, Houston, and Cedar streets, dedicated public streets of appellee city.

Appellant, in its original petition, alleged, in substance, that it was the owner of certain property located in the city of Dallas which was industrial property; that, because of the manner in which the defendant railroad company was blocking certain streets in the city of Dallas, viz. Ardrey, Gibbs, Houston, and Cedar, by turntables, railway tracks, sandhouses, and other buildings, which have been placed upon said streets and are being maintained thereon without any power or authority whatsoever from the city of Dallas, appellant was unable to use its property in any manner whatsoever. Appellant further alleged that the city of Dallas was about to pass an ordinance granting to said railroad company the right to further maintain such tracks, turntables, etc., upon said streets, for an extended period of years; that, unless appellee city should be restrained by proper action, it would pass such ordinance granting such right to said railroad company, to the great injury of appellant; that, under the terms of the proposed franchise ordinance, if granted, certain switch tracks will be authorized to be placed upon the above-mentioned streets, leading to appellant's property, in such a manner as to destroy ingress to and egress from same; that article 2, § 5, of the charter of the city of Dallas, specifically provides that "no switch track shall be authorized by the Board of Commissioners to be laid in the City of Dallas in such streets or alleys, until the owner of the majority of the front footage of property in front of which such switch is to be laid shall have filed with said Board their written consent thereto"; that such written consent had not been filed with the board of commissioners of appellee city.

Appellee filed its amended original answer on January 22, 1930, duly sworn to, containing general and special exceptions and a denial in detail of all of the material allegations made by appellant, upon which the equitable relief sought by it was based. Thereafter appellee filed its motion to dissolve the restraining order, and, as grounds therefor, alleged, (a) that appellant had a full and complete equitable remedy at law; (b) that the franchise to be granted to said defendant railroad company only extends to the public easement over which appellee has the supreme control, and does not attempt to deal with private rights, or whatever rights appellant may have, or in any manner foreclose same; (c) that appellant was attempting to enjoin the passage of an ordinance granting a franchise and the judiciary was without power to interfere in matters of purely legislative concern; (d) that the carrying of freight and passengers by defendant railroad company being lawful and a public service, and appellee having power to grant the franchise, the appellant, in the event same should be granted, would be relegated to its remedy at law.

As the relief sought by appellant against defendant railroad company can only operate, whether granted or refused, upon the rights and interest of said litigants, that issue remaining yet to be determined, same will not receive further notice at our hands.

■ Appellant contends that, inasmuch as no evidence was heard in any manner whatsoever on the facts as pleaded, the trial court necessarily passed upon the motion to dissolve solely from the viewpoint as to whether or not the pleadings of appellant presented a case entitling it to injunctive relief and the order dissolving the temporary restraining order was, in effect, a holding that appellant did not show that it was entitled to such relief; therefore the motion to dissolve was in effect a general demurrer to appellant's pleadings, and that the result of sustaining said motion should be the same as if a general demurrer had been sustained. This contention cannot be sustained. Upon the hearing of said motion, the court had before it an agreed statement of facts containing the following provisions: "All parties hereto hereby agree that the following statement of facts is a true and correct record of what transpired upon the trial of this cause, all parties reserving the right upon any subsequent trial to introduce additional facts, this being merely a hearing on a motion to dissolve a temporary restraining order granted in the cause. * * * No evidence was formally introduced, but for the convenience of the court it was agreed by all parties that the following evidence could be considered by the court as being true in his consideration of the motion to dissolve"— which embraced the ordinance involved in this case, certain charter provisions of the city of Dallas relating to franchises, viz. article 2, § 8, subds. 1, 2, and 7, and a sketch showing the location of the property owned by appellant. That said documents were received and considered by the court as evidence in passing upon the motion to dissolve is conclusively shown by the following recital in the judgment entered on said motion: "The court considered the pleadings in the case and heard evidence of facts relating to the question of injunctive relief, and the court, after having heard the argument of counsel and after having considered the pleadings and the evidence before the court."

Said agreement placed said documents in evidence on the issues presented by the motion to dissolve, with the probative force and effect that same would have been entitled to as

evidence on the trial of this cause on its merits. Therefore the ruling of the court on said motion being based upon the sworn pleadings of the parties and evidence properly before the court, germane to said issues, the motion to dissolve and the effect of sustaining same should not be treated as a general demurrer, presenting only a question of law, but as a result reached upon a determination of an issue of fact. Article 4658, R. C. S. 1925; Dawson v. Baldridge, 55 Tex. Civ. App. 124, 118 S. W. 593; Lone Star Lodge v. Cole, 62 Tex. Civ. App. 500, 131 S. W. 1180; Frazier v. Coleman (Tex. Civ. App.) 111 S. W. 662.

The city of Dallas, under its charter, is given plenary control of the public streets and alleys of said city, and, in the exercise of that power, can grant franchises by ordinance to common carriers to construct tracks and switches for the benefit of the public or for public purposes. Article 2, § 8, subds. 1, 2, and 7, of the charter of the city of Dallas. The ordinance, the passage of which was sought to be enjoined, had passed two readings by the board of commissioners of appellee city, and, by its terms, if and when adopted, will grant to the Missouri, Kansas & Texas Railroad Company of Texas, its successors and assigns, the right to maintain and operate side tracks, spur, and switch tracks over, along, and across several streets described therein, including the four above named. This franchise ordinance, as disclosed by its terms, if enacted, will be the regrant and continuation of a prior and existing franchise to said railroad company, which had expired by its own terms. The record further discloses that appellant purchased its property in 1914, during the existence of and while the original franchise was valid and subsisting. The act of granting a franchise by appellee involves the exercise by the governing body of appellee of legislative power duly conferred by the state of Texas, and courts are not permitted to interfere by injunction with the exercise of that prerogative, except the enactment of a void ordinance will be enjoined where the mere enactment thereof will of itself work irreparable injury without the aid of some wrongful act committed within and authorized by its terms. City of Dallas v. Couchman (Tex. Civ. App.) 249 S. W. 234; Garitty v. Halbert (Tex. Civ. App.) 225 S. W. 196; City of Dallas v. Dallas Consolidated Elec. Ry. Co., 105 Tex. 337, 148 S. W. 292; City of San Antonio v. Fetzer (Tex. Civ. App.) 241 S. W. 1034; Malott v. City of Brownsville (Tex. Com. App.) 298 S. W. 540.

Appellant contends that the trial court erred in dissolving the temporary writ of injunction because it alleged that the mere enactment of the ordinance granting the proposed franchise itself, without intervention of some wrongful act under its authority, would work the irreparable injury to appellant, complained of in this case.

We have carefully searched appellant's petition for facts alleged that would necessarily flow from the enactment of the proposed franchise ordinance that would create the irreparable injury appellant alleged would result to it therefrom, and the nearest approach thereto is the conclusion of the pleader, alleged as follows: "That if the defendants, City of Dallas, Mayor and Board of Commissioners, are permitted to pass said franchise granting the power contained therein to defendant railroad company * * * this plaintiff will suffer irreparable injury."

From this allegation standing alone, or in connection with all of the allegations of facts made by appellant, it cannot be gathered therefrom that the proposed franchise ordinance, if enacted, will be void, or that if same should be void its mere enactment will of itself work irreparable injury to appellant without the intervention of some wrongful act under the authority of said ordinance.

On March 29, 1930, appellant filed a supplemental petition to its original petition, subject to stipulations of appellee, as follows: "It is agreed that this pleading should be considered filed as of the 29th day of March, 1930. Defendant by such agreement as to filing does not waive any right to object to the sufficiency or regularity of this pleading." Appellee duly objected to said supplement being considered by the trial court as performing the office of an amendment to appellant's original petition, and therefore contends that the trial court properly refused to consider the new and additional grounds for the equitable relief sought, alleged in said supplement, to supply allegations not contained in appellant's original petition, upon which the writ of injunction was granted. The original petition was filed and the writ of injunction granted thereon on an ex parte hearing November 1, 1929. Appellee, on January 22, 1930, filed its amended original answer, and on February 1, 1930, filed its motion to dissolve, both duly verified. Under the following authorities, appellee's position is sustained: Mann v. Trinity Farm Co. (Tex. Civ. App.) 270 S. W. 923; Glenn v. Dallas County, etc., Dist., 114 Tex. 325, 268 S. W. 452; Creosoted, etc., Co. v. McKay (Tex. Civ. App.) 234 S. W. 587.

The disposition made of this appeal will not leave appellant without a remedy for the injury alleged that will result to its property rights through the exercise by said railroad company of the franchise that will be conferred upon it by the adoption of said proposed ordinance. Briefly stated, the means of redress are: (a) If when enacted said proposed ordinance should be void, its enforcement by said railroad company, if damage would result thereby to the property of appellant, could be enjoined; (b) if valid and the enforcement of

its provisions by said railroad company should result in damage to appellant's property, there would be available to it an action for the recovery of the damages so sustained. Article 1, § 17, of our State Constitution; G., H. & S. A. Ry. Co. v. DeGroff, 102 Tex. 433, 118 S. W. 134, 21 L. R. A. (N. S.) 749; Trinity & S. Ry. Co. v. Meadows, 73 Tex. 732, 11 S. W. 145, 3 L. R. A. 565; Houston, etc., Ry. Co. v. Grossman (Tex. Civ. App.) 89 S. W. 312.

In our opinion, the trial court did not err in dissolving the temporary writ of injunction; therefore its judgment is affirmed.

Affirmed.