**CITY OF MONAHANS et al., Appellants,**

v.

**STATE of Texas ex rel. W. E. COOK, County Judge of Winkler County, et al., Appellees.**

No. 5518.

Court of Civil Appeals of Texas.

El Paso.

May 31, 1961.

Rehearing Denied July 5, 1961.

McGowen & Magee, Monahans, for appellants.

John H. Banks, John R. Lee, Kermit, for appellees.

LANGDON, Chief Justice.

This action was brought by the State of Texas on the relation of W. E. Cook, Coun-

ty Judge of Winkler County, Texas, and the individual members of the Commissioners' Court of Winkler County, Texas, by information in quo warranto, to enjoin the passage on second reading of an annexation ordinance, No. 463, of the City of Monahans. The action was instituted against the City of Monahans, the Mayor and City Council in their capacity as City Councilmen, and individually. An ex parte temporary restraining order was issued out of the 109th Judicial District Court of Winkler County, and thereafter such temporary restraining order, after a hearing, was resolved into a temporary injunction.

Respondents, who are appellants here, have appealed from the order granting the temporary injunction, and the matter is properly before this court.

On December 12, 1960, respondents (the City, and City Council of Monahans) passed, on first reading, Ordinance No. 463, which would annex approximately 12,000 acres of land situated in Ward and Winkler counties, such land allegedly consisting of land on which respondents owned a water lease and in which they had an investment of $450,000.

Following the publication of the ordinance, relators filed their information in quo warranto, in the District Court of Winkler County, alleging that respondents, the City of Monahans, were without authority to annex lands located in Winkler County, and further alleging that the purpose of the passage of such ordinance was to regulate the drilling of oil and gas wells upon rural lands in Winkler County, Texas, not "adjacent" to the City of Monahans, and to acquire and usurp the right and authority of the Railroad Commission of the State of Texas to regulate the drilling of wells for oil and gas upon the tract in question. It was further alleged that the City of Monahans was without authority to annex lands in Winkler County without the consent of the inhabitants of that part of the tract located in Winkler County, and was without authority to annex lands situ-

ated in Winkler County for the reason that Winkler County is a municipality within the laws governing annexation by municipalities.

Appellants have predicated this appeal upon four points of error, by which it is contended that the district judge erred as follows:

1. In restraining the passage of the annexation ordinance on second reading, because such restraint is an unwarranted judicial interference with a legislative act;

2. In restraining the legislative act at passing the annexation ordinance in quo warranto, for the reason that the proceeding in quo warranto was prematurely brought;

3. In issuing the temporary restraining order and granting the subsequent temporary injunction restraining the passage of the annexation ordinance on second reading by reason of the failure of the trial judge to comply with the procedure required by Articles 4643 and 4656, V.A.T.C.S.; and

4. In granting the temporary injunction, because there was no evidence to support a finding of irreparable injury upon the passage of the annexation ordinance without some act of enforcement pursuant to such ordinance.

Appellants' Points 1 and 2 raise the question of whether judicial authority may be invoked to restrain or enjoin a city from exercising legislative power conferred upon it by the Constitution and laws of this state.

In considering these points, it must be noted at the outset that the City of Monahans is a "home rule" city. Its charter, adopted pursuant to the provisions of the Home Rule Amendment (Article 11, section 5, Vernon's Annotated Constitution of the State of Texas), and the Enabling Act (Article 1175, Vernon's Annotated Texas Civil Statutes), is in evidence and is before us for consideration.

█ It was the purpose of the people of Texas, in adopting the Home Rule Amend-

ment to the Constitution, to bestow upon cities coming under the Home Rule Amendment full power of local self-government. This was also the declared purpose of the Enabling Act, Article 1175 (supra). City of Houston v. City of Magnolia Park, 115 Tex. 101, 276 S.W. 685; City of Houston v. State ex rel. City of West University Place, 142 Tex. 190, 176 S.W.2d 928.

Section 2 of Article 1175 expressly confers upon cities adopting a home charter form of government, power to fix the boundary limits of said city; to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city, according to such rules as may be provided by said charter. Article I, section 9 of the charter adopted by the City of Monahans confers upon the governing body of that city, power by ordinance to fix the boundary limits of the city, to provide for the alteration and extension of said boundary limits, and the annexation of additional territory lying adjacent to the city, with or without the consent of the territory and inhabitants annexed.

█ It has been held many times, and it is unquestionably the law in Texas, that a home rule city may, if authorized by its charter, fix its own boundaries by ordinance, subject only to the limitations otherwise imposed by Article 1175 and the Constitution. It has also been held, and it is now firmly established, that the power of a home rule city to fix its boundaries is an exercise of the power to legislate. The effect of the adoption of the home rule amendment was to take from the legislature the power previously vested in it to fix the boundaries of cities, and to confer this authority upon cities (whose population exceeds 5,000 inhabitants) adopting a home rule charter.

The home rule charter of the City of Monahans prescribes the method by which ordinances may be enacted by its governing body. Article III, section 2, of the charter provides in part as follows:

"No ordinance, unless it be declared an emergency measure, shall be passed finally on the date that it is introduced, but, except as otherwise provided, must be passed, read, and voted upon *at two regular meetings,* or *special meetings which have been called for that purpose.*" (Emphasis supplied.)

█ At the time the quo warranto proceeding here involved was initiated, Ordinance No. 483 was still in the process of being enacted. It had not been passed on second reading; the legislative process through which it might become law was not yet completed; and, admittedly, no effort had yet been made to enforce its provisions upon anyone.

We do not believe this is a case where the mere passage of an ordinance, in the absence of any attempt to enforce the same, could or would result in irreparable harm or injury to appellees. Thus, since this case does not fall within the category of cases wherein it has been held that quo warranto will lie, to enjoin the passage of a void ordinance in the absence of any attempt to enforce the same, or where it is not shown that the mere passage of such would result in irreparable harm or injury, a proceeding in quo warranto to enjoin its passage is premature.

█ The question of the validity or legality of the proposed ordinance is not before us on this appeal, and we decline to pass upon such question, or even to speculate as to its possible validity or invalidity, in view of our holding that it has not been shown that probable harm will result from the mere passage of the ordinance. In the absence of such proof, the courts have uniformly been held to be without power or authority to enjoin or restrain a home rule city from exercising the legislative powers conferred upon it by the constitution and laws of this state.

It was held, in the case of City of Houston v. State ex rel. City of West University Place, supra, in an opinion by the Commis-

sion of Appeals adopted by the Supreme Court, that the passage of a city ordinance by a home rule city is a legislative act exercised under a grant of authority from the legislature and by virtue of a provision of the Constitution of the State.

■ There is no doubt that the courts, pursuant to their judicial power, can give relief from an arbitrary, oppressive, or unconstitutional ordinance through an action in quo warranto brought for the purpose of enjoining the *enforcement* of such ordinance. This would constitute a legitimate exercise of judicial power; but the restraining of the passage of an ordinance is a legislative act, and such restraint cannot be exercised by the courts. City of Dallas v. Couchman, Tex.Civ.App., 249 S.W. 234 (wr. ref.); Atlas Metal Works v. City of Dallas, Tex.Civ.App., 30 S.W.2d 431; City of Dallas v. Dallas Consolidated Elec. St. Ry. Co., 105 Tex. 337, 148 S.W. 292.

■ The general rule is that courts will not interfere with the exercise by a municipality of its law-making power except where it is made to appear that the legislative body of a municipality was about to pass some ordinance, and that its passage would occasion, or be immediately followed by, some irreparable loss or injury beyond the power of redress by subsequent judicial proceedings; but the mere fact that legislative action may be in disregard of constitutional restraints does not, of itself, authorize the courts to restrain or enjoin the passage thereof. See McQuillin on Municipal Corporations, 3rd Edition, Volume 17, section 49.53, page 282 et seq.

It follows, from what we have said, that we are of the opinion that the trial court erred in restraining the passage of the annexation ordinance under the facts and circumstances of this case. Appellants' Points 1, 2 and 4 are accordingly sustained. Our holding on these points renders it unnecessary to pass upon the venue question raised by appellants' Point 3. Until the ordinance complained of has been enacted, quo warranto is not available to test its validity, and the instant proceeding is prematurely brought.

The temporary injunction is accordingly dissolved, and the proceeding below is ordered dismissed.