**CITY OF HOUSTON, Appellant,**

**v.**

**HOUSTON GULF COAST BUILDING and Construction Trades Council and Gale Van Hoy, Appellees.**

**No. 01–85–0649–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 26, 1985.

Rehearing Denied Oct. 1, 1985.

Jerry E. Smith Houston City Atty., John J. Hightower Sr. Asst. City Atty., Susan T. Taylor, Kevin E. Mason, Asst. City Attys., Houston, for appellant.

Joseph F. Archer, Archer, Peterson & Waldner, Houston, for appellee.

Before COHEN, LEVY and EVANS, JJ.

## OPINION

EVANS, Justice.

The City of Houston appeals from a temporary injunction that prohibits the City Council from adopting average wage rates as the wage rates to be paid to workers on public works projects. We hold that the trial court erred in granting the temporary injunction, and we order the injunction dissolved and the proceedings dismissed.

Houston Gulf Coast Building and Construction Trades Council and its executive secretary, Gale Van Hoy, brought this action to enjoin the City from adopting a weighted average wage survey as the "prevailing" wage rate applicable to public works projects in the City of Houston.

The City is authorized to determine the general prevailing wage rates under article 5159a, section 2, Tex.Rev.Civ.Stat.Ann. (Vernon 1971 and Supp.1985), which provides that workers employed on public works projects must be paid not less than the general prevailing rate of per diem wages for similar work in the locality. The statute defines "general prevailing rate of per diem wages" as the rate determined to be such rate by the public body awarding the contract, or authorizing the work. Art. 5159a, sec. 4. The statute requires that the public body ascertain such rate for each craft or type of workman needed to execute the public works contract. Art. 5159a, sec. 2. It further provides that the public body's decision on the matter of what constitutes the prevailing wage rate in the area shall be final. Sec. 4.

It is the City's position that because the statute does not specify a method to be used in ascertaining the "prevailing wage," that determination is entirely up to the City. Its proposed ordinance would set "prevailing" wage rates based upon a survey of wages that was converted into the proposed rates by a weighted average methodology. The Trades Council, in contrast, contends that article 5159a does not define "prevailing wage," and therefore, the term must be given its common meaning, i.e., the predominant wage rate, or that earned by the largest number of workers in a given craft.

In the first point of error, the City contends that the trial court erred, as a matter of law, by enjoining a legislative body from enacting a prevailing wage rate ordinance. In four additional points of error, the City challenges the legal sufficiency of the evidence to support the trial court's ruling; contests the standing of the Trades Council to maintain the action; complains of the inadequacy of the injunction bond; and asserts that the injunction granted relief beyond the scope of the Trades Council's petition. Because we sustain the first point of error, we do not consider the questions raised by the other four points.

■ The Texas Constitution provides for three separate, distinct branches of government whose spheres of power are clearly defined. Tex. Const. art. II, sec. 1. No one branch may properly invade the province of another. It is the general rule in Texas that the courts will not enjoin the enactment, as opposed to the enforcement, of an invalid or even void rule, ordinance, or order of another branch of government.

In *City of Dallas v. Dallas Consolidated Electric Street Railway Co.*, 105 Tex. 337, 148 S.W. 292 (1912), the Railway Company brought suit against the City of Dallas, its mayor, its board of commissioners, and its secretary. The plaintiff sought to enjoin them from canvassing the returns and declaring the results of an election to determine the city's regulation of fares. Under the provisions of the city's charter, after the voters' passage of the proposition, the enactment of the regulatory ordinance would be complete once the city board of commissioners ascertained that a majority of the qualified electors had voted in favor of it.

The Railway Company contended that both the election and the ordinance prescribing fares were void, and that its franchise and property rights would be irreparably injured, because the ordinance would become effective immediately upon declaration of the result of the election. The trial court granted the injunction to the Railway

Company, and upon writ of error to the court of civil appeals, the question of the trial court's authority to grant the injunction was certified to the Texas Supreme Court.

The supreme court distinguished the case from one where a party seeks to enjoin the enforcement of an already enacted ordinance, and it held that the trial court did not have the authority to predetermine the validity of the City's legislative action. The court recognized the authority of the judiciary to determine the validity of legislation, once enacted, and to protect against the wrongful impairment of a person's property rights by reason of invalid legislation. But the court noted that such authority should be exercised cautiously to avoid interference with the distinct powers of separate departments of government. Speaking through Justice Phillips, the court warned:

It should always be remembered that the separation of the great powers of government into different and distinctive departments, each independent in its own sphere and protected by constitutional limitations that neither can transcend but which all must respect, is the distinctive feature of our system, and its accomplishment is the fundamental fact of our history. The preservation of these powers in their full integrity and independence is a matter of common concern, for upon the freedom of their exercise depend alike public repose and private security, and neither will long endure if their abridgment be permitted or encouraged.

105 Tex. at 341, 148 S.W.2d at 294.

In a later case of similar import, the county judge and county commissioners' court of Winkler County had petitioned in quo warranto to enjoin the City of Monahans from passing an annexation ordinance on second reading. *City of Monahans v. State*, 348 S.W.2d 176 (Tex.Civ.App.—El Paso 1961, writ ref'd n.r.e.). The petition alleged that the city lacked authority to annex lands in Winkler County; that the purpose of the ordinance was to regulate the drilling of oil and gas wells on non-adjacent rural lands in Winkler County; and that the proposed ordinance usurped the Texas Railroad Commission's power to regulate the drilling of such wells on this tract.

The trial court enjoined the passage of the proposed ordinance, but the court of civil appeals ordered the injunction dissolved and the proceedings dismissed. The appeals court determined that the city's authority to fix its boundaries was an exercise of legislative power. Because the legislative process had not yet been completed, a quo warranto proceeding was not available to test its validity.

Acknowledging the courts' power to grant relief from an arbitrary, oppressive, or unconstitutional ordinance through a quo warranto action to enjoin *enforcement*, the court determined that the petitioners' suit was premature, because it sought to restrain the city from exercising its legislative powers. The court found that the mere passage of the ordinance would not cause the petitioners irreparable harm or injury beyond the power of redress by subsequent judicial proceedings, and it concluded that judicial interference was not warranted even if the proposed ordinance might be enacted in disregard of some constitutional restraint. *Id.* at 179. *See also City of Grand Prairie v. Turner*, 515 S.W.2d 19, 25 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.); *Universal City v. City of Selma*, 514 S.W.2d 64, 73 (Tex.Civ.App.—Waco 1974, writ ref'd n.r.e.); *City of Arlington v. City of Grand Prairie*, 451 S.W.2d 284, 293 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.); *City of Dallas v. Couchman*, 249 S.W. 234, 239 (Tex.Civ. App.—Dallas 1923, writ ref'd).

The Trades Council argues that the temporary injunction enjoined a proposed "administrative", not "legislative," action: the determination of prevailing wage rates. In support of this contention, the appellees cite *Texas Highway Commission v. El Paso Building and Construction Trades Council*, 149 Tex. 457, 234 S.W.2d 857 (1950). In that case, the plaintiff sought

an injunction against the Texas Highway Commission and against its chief engineer to prohibit the letting of a contract until the Commission "properly and correctly" determined the prevailing rate of per diem wages under article 5159a. The Texas Supreme Court affirmed the trial court's refusal to issue the injunction, concluding that the action of the Highway Commission was final under article 5159a and not subject to review in that proceeding. In its opinion, the court characterized the Highway Commission's action as an "administrative function." *Texas Highway Commission,* 149 Tex. at 462–63, 234 S.W.2d at 859–60.

The factual circumstances of that case are not the same as those present in the case at bar. There, the Highway Commission had already determined a prevailing · wage rate, and the complaint was that its rate decision was erroneous. The injunction there was sought to enjoin the letting of a specific public works contract until the commission should "properly and correctly" determine the prevailing wage rate. The only issue decided by the court was that the Highway Commission's completed administrative determination was final and nonreviewable. 149 Tex. at 468, 234 S.W.2d at 863.

Even if the City's action in enacting the proposed ordinance may properly be characterized as "administrative," rather than "legislative," *prior* judicial interference is unauthorized. A rule or order promulgated by an administrative agency acting within its delegated authority is to be considered under the same principles as if it were a legislative act. *Texas Liquor Control Board v. Attic Club, Inc.,* 457 S.W.2d 41, 45 (Tex.1970). Once promulgated, an order of an administrative body entered pursuant to legislative sanction may be judicially reviewed. *See Fire Department of Fort Worth v. City of Fort Worth,* 147 Tex. 505, 217 S.W.2d 664 (1949). The exercise of such judicial power is not in derogation of the separation of powers among the three branches of government. *Id.*

We have reviewed the cases cited by the Trades Council in its supplemental brief to support its argument that injunctive relief was authorized to prohibit the ordinance's enactment. For varying reasons, we find those cases distinguishable. Either the issue involved here was not presented to the appellate court, *see City of Irving v. Dallas County Flood Control District,* 383 S.W.2d 571 (Tex.1964); or the illegal acts sought to be prohibited did not contemplate the exercise of a legislative function, *see Zoning Board of Adjustment v. Graham,* 664 S.W.2d 430 (Tex.App.—Amarillo 1983, no writ); *Rowan v. Pickett,* 237 S.W.2d 734 (Tex.Civ.App.—San Antonio 1951, no writ); or the injunction was sought to prohibit the *enforcement* of an ordinance, *see City of Houston v. Reyes,* 527 S.W.2d 489 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.); or the courts, in denying injunctive relief, merely stated the general proposition that municipal officials may be judicially restrained from illegal, arbitrary, or capricious actions. *See, e.g., Kimbrough v. Walling,* 371 S.W.2d 691 (Tex.1963); *Texas State Board of Examiners in Optometry v. Carp,* 162 Tex. 1, 343 S.W.2d 242 (1961).

The decision of this Court in *City of Shoreacres v. State,* 582 S.W.2d 211 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), is also cited by the Trades Council in its supplemental brief. There, we held that even if a municipal government's *completed* action is shown to be illegal, arbitrary, or capricious, the court may require only that the public body take affirmative action to perform its specified duties, and the court may not substitute its own judgment and discretion for that of the governing body in the manner or method of performing the required action. 582 S.W.2d at 214. The concept of separate governmental powers, as applied in *Shoreacres,* is equally applicable in this case.

We hold that under the record before us, the trial court exceeded its judicial authority in granting a temporary injunction prohibiting the Houston City Council from enacting the proposed ordinance, setting new wage rates for city construction projects.

Because of this disposition of the case, we do not reach, and we expressly decline comment on, the parties' contentions with respect to the merits of the issues involved, including the validity of the proposed ordinance, its reviewability once enacted, and its effect on workers in the city construction projects. *See City of Dallas v. Dallas Consolidated Electric Street Railway Co.*, 105 Tex. at 337, 148 S.W.2d at 292; *City of Monahans v. State*, 348 S.W.2d at 176.

The temporary injunction is dissolved, and the proceedings in the trial court are ordered dismissed.