**CITY OF HOUSTON and Jon C. Vanden Bosch, Appellants,**

v.

**HOUSTON GULF COAST BUILDING AND CONSTRUCTION TRADES COUNCIL and James Stinson, Appellees.**

No. 01–86–0018–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 15, 1986.

Jerry E. Smith, City Atty., John J. Hightower, Sr. Asst. City Atty., Susan T. Taylor, Kevin E. Mason, Asst. City Attys., Houston, for appellants.

Joseph F. Archer, Paul F. Waldner, Archer & Waldner, P.C., Houston, for appellees.

Before SAM BASS, COHEN and HOYT, JJ.

## OPINION

SAM BASS, Justice.

The City of Houston appeals from a temporary injunction prohibiting it from enforcing Ordinance No. 85–2070, which sets rates to be used as the minimum wage for workers in public works projects, and prohibiting it from letting public works contracts that incorporate the rates contained in the ordinance. We hold that the trial court erred in granting the temporary injunction, and order the injunction dissolved and the proceedings dismissed.

This action was brought by the Houston Gulf Coast Building and Construction Trades Council ("Trades Council") and its President, James Stinson, to enjoin the City from enforcing Ordinance No. 85–2070. Prior to the adoption of the ordinance, the Trades Council obtained a temporary injunction prohibiting the City from adopting the ordinance. The City appealed, and this Court reversed, holding that the trial court exceeded its judicial authority when it pre-determined the validity of the proposed legislative action. *See City of Houston v. Houston Gulf Coast Building and Construction Trades Council, et al.,* 697 S.W.2d 850, 857 (Tex.App.—Houston [1st Dist.] 1985, no writ). Our prior opinion did not address the validity of the proposed ordinance, its reviewability once enacted, or its effect on those employed at City construction projects. After the ordinance was approved and enacted, the Trades Council brought suit seeking to enjoin the City from enforcing the ordinance or letting contracts thereunder. This appeal ensued when the temporary injunction was granted.

After the briefs were filed and argument set, we certified the following question to the Texas Supreme Court. "Did the District Court lack subject matter jurisdiction to review the City's rate determination made pursuant to Tex.Rev.Civ.Stat.Ann. art. 5159a?" The supreme court refused our certification request.

The controversy between the City and the Trades Council revolves around a wage rate applicable to public works projects in Houston that sets the minimum wage contractors can pay workers on public projects. The Trades Council claims that the new ordinance is invalid because the wage rate contained in the ordinance is not the "prevailing" wage rate, required by article 5159a of the Texas Revised Civil Statutes (Vernon 1971), but an average wage rate. To support its contention that the wage rate is not the "prevailing" wage rate referred to in the statute, the Trades Council introduced evidence of the studies relied upon by the City to set the new wage rate. The Trades Council claims that these studies produced a "weighted" average wage rate. According to the Trades Council, the prevailing wage rate for each craft is the wage rate that a majority of workers in the craft are receiving. The essence of the Trades Council's request is that this Court review the procedures and studies used by the City in setting the new prevailing wage rate and determine that an improper formula was used to set the rate.

The City's position is that it is the final arbiter of the prevailing wage rate for public works projects in the City of Houston; that the courts of the State of Texas lack the subject matter jurisdiction to review its determination of the prevailing wage rate; that the Trades Council was judicially estopped from asserting that the District Court had jurisdiction of this suit; that the Trades Council failed to prove the elements necessary to obtain a temporary injunction; that the Trades Council and its president do not have standing to bring this lawsuit; and, that the bond set by the trial court is so inconsequential that it does not adequately protect the City from injury. The first point we must consider is whether the District Court had authority to review the City's decision.

The parties agree that the City's authority to set the prevailing wage rate arises from article 5159a. The article was enacted in 1933. Its purpose was, and is, to ensure that workers on public works projects receive not less than the prevailing wage rate. It, therefore, requires the public body awarding contracts for public work to ascertain the general prevailing wage rate for each craft needed to execute its contracts, and to state this rate in the calls for bids to contractors.

"General prevailing wage rate" is defined in section 4 of article 5159a. Two notable aspects of the definition control our decision in this case. First, "general prevailing wage rate" is not defined in any measureable terms, such as the rate that a majority of the workers in a craft are receiving, or as an average of the wages all of the workers in a craft are receiving. It is defined merely as "the rate determined upon as such rate by the public body...." Second, the public body's decision as to the general prevailing wage rate is final. Art. 5159a, sec. 4.

We think the exact issue presented in this appeal was answered by the Texas Supreme Court in *Texas Highway Commission v. El Paso Building & Construction Trades Council*, 149 Tex. 457, 234 S.W.2d 857 (1950). The trades council in the *Texas Highway Commission* case alleged that the wage rate set by the commission was erroneous in that it:

(1) has no basis in fact, (2) constituted a gross abuse of discretion and was unlawful and void, because (a) the determination as made did not cover the "locality" of the City of El Paso, but covered a much wider territory, (b) was not based on facts but arbitrarily made without relation to the wages actually prevailing in the El Paso locality, (c) wholly ignored relevant data which had been presented by [the trades council] ... [and] (d) the Highway Commission ... had set only a "minimum wage rate" instead of a "prevailing wage rate" as required by said art. 5159a.

*Id.* 234 S.W.2d at 858.

The Texas Supreme Court stated the following:

At common law, and under the Constitution of Texas and of the United States, there is no right to a "prevailing wage rate." Such right comes into being wholly from the statute under consideration, and such right is to be governed by the terms of the statute.

*Id.* 234 S.W.2d at 860. The Court concluded that the decision by the highway commission was final and not subject to review by courts. *Id.* 234 S.W.2d at 863.

In reaching this decision, the court discussed the legislative history of article 5159a. The article was enacted in response to a federal decision holding that a Texas statute failed in its attempt to authorize the Commissioner of Labor to determine the current wage rates for a locality. The Legislature set out to fashion a bill that would give public bodies the authority to set wage rates and the power to enforce the wage rates set. When the bill went to the Senate from the House, it provided that if any disputes occurred as to what the prevailing wage rate was, the Commissioner of Labor was to resolve the dispute, and "his decision would be conclusive on all parties." The provision was deleted and the article now provides that the public body's decision concerning the prevailing

wage rate is final. *See, Id.* 234 S.W.2d at 860. In concluding, the court quoted the following language:

> Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. ... They are not the law-making body. They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.

*Id.*, 234 S.W.2d at 863 (quoting *Simmons v. Arnim*, 110 Tex. 309, 324, 220 S.W. 66, 70 (1920)). We are bound by the Legislature's pronouncement and the decision of the supreme court of this State interpreting article 5159a. We, therefore, hold that the City's action determining the "general prevailing wage rate of per diem wages" is final and not subject to judicial review by the courts in this proceeding.

Because of our disposition herein, we will not discuss the remaining points of error raised by the City.

The temporary injunction is dissolved, and the proceedings are ordered dismissed.