# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 20, 1991

Honorable Carl A. Parker
Chairman
Education Committee
Texas State Senate
P. O. Box 12068
Austin, Texas 78711

Opinion No. DM-25

Re: Meaning of the "locality in which the work is performed" for purposes of article 5159a, V.T.C.S., the prevailing wage statute, and related questions (RQ-2189)

Dear Senator Parker:

You ask whether the interpretation of V.T.C.S. article 5159a, which you say the Texas Department of Criminal Justice (hereinafter, "TDCJ") has adopted, is correct. That article provides generally that laborers on a public works project of the state or any of its political subdivisions are to be paid "[n]ot less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the work is performed," as determined by the public body authorizing or contracting for the work, with such wage rates to be specified in the call for bids and in the contract for such work. You state:

> According to TDCJ, when letting a bid for construction of a prison site, they believe this particular article allows them the discretion to determine that 'locality in which the work is performed' does not particularly mean the specific county but rather any political subdivision in which the proposed site is located. After making that determination, TDCJ further believes that it is at liberty to set the prevailing wage in the bid based on the area's prevailing wage rather than the prevailing wage in the 'locality in which the work is being performed.'

You ask two questions based on your description of TDCJ's interpretation of article 5159a:

1.    [D]oes 'locality in which the work is being performed' mean only the particular political subdivision in which the work is being wholly performed?

2.    Additionally, for purposes of article 5159a, what are the criteria and method for determining 'general prevailing rate of per diem wages'?

Article 5159a was first adopted in 1933. Acts 1933, 43d Leg., ch. 45, at 91. The terms you ask about -- "general prevailing rate of per diem wages" and "locality in which the work is performed" -- are defined in section 4 as follows:

> *The term 'locality in which the work is performed' shall be held to mean the county, city and county, city, town, district or other political subdivision of this state in which the building, highway, road, excavation, or other structure, project development or improvement is situated in all cases in which the contract is awarded by the state, or any public body thereof*, and shall be held to mean the limits of the county, city and county, city, town, district or other political subdivisions on whose behalf the contract is awarded in all other cases. *The term 'general prevailing rate of per diem wages' shall be the rate determined upon as such rate by the public body awarding the contract, or authorizing the work, whose decision in the matter shall be final.* (Emphasis added.)

Both of your questions relate ultimately to how the TDCJ may determine "the general prevailing rate of per diem wages" under article 5159a. Citing the language of section 4 of the act, Texas courts have consistently held that such determinations are matters within the discretion of the public body awarding the contract or authorizing the work and not subject to judicial review. *See Texas Highway Comm'n v. El Paso Bldg. & Constr. Trades Council*, 234 S.W.2d 857, 858-59 (Tex. 1950) (despite plaintiff's allegations that Highway Commission's determination was unrelated to wages actually prevailing in El Paso and "did not cover the 'locality' of the City of El Paso, but covered a much wider territory," court would not review such determination in view of provision of article 5159a that the determination of prevailing wage by public body authorizing or contracting for work

"shall be final"); *City of Houston v. Houston Gulf Coast Bldg. & Constr. Trades Council*, 710 S.W.2d 181 (Tex. App.--Houston [1st Dist.] 1986, writ ref'd n.r.e.); Attorney General Opinions H-845 (1976); H-350 (1974); O-2059 (1940). However, we think it is clear, notwithstanding such non-reviewability, that the legislature did not intend the provisions of article 5159a to be disregarded by the public entities to which they apply. *See* 2A SUTHERLAND STATUTORY CONSTRUCTION § 57.01 (4th ed. 1984).

We believe that a state agency making a prevailing wage determination should select as the "locality" on which it bases such determination the political subdivision most nearly corresponding to the location of the work. In other words, if the work is to be performed within the corporate limits of a town, that town's limits should be considered the "locality" for article 5159a purposes rather than the entire county in which it is located. You suggest that the TDCJ construes the statute to permit a state agency making a prevailing wage determination the discretion to select as the "locality" whichever overlapping political subdivision it decided would have the lowest prevailing wages, in order to reduce its costs on the project. We reject this construction, because the purpose of the article -- to protect workers in the immediate locality of the work from wages being driven down by payment of a lower rate than was the locally prevailing rate -- would be undermined. *See Cullipher v. Weatherby-Godbe Constr. Co.*, 570 S.W.2d 161, 164 (Tex. Civ. App.--Texarkana 1978, writ ref'd n.r.e.); *Southern Prison Co. v. Rennels*, 110 S.W.2d 606, 609 (Tex. Civ. App.--Amarillo 1937, writ dism'd).

On the other hand, we think that certain factual scenarios may justify a state agency's using a larger geographical area in determining the prevailing wages in a locality. For example, if a project called for a specialized kind of work that had not recently been performed in the immediate locality of the project, it might be impossible for the public entity to establish prevailing wages "for work of a similar character" in the immediate locality. In such cases, we think that the agency might reasonably look to a larger geographic area in which "work of a similar character" to that required on the project had been performed in order to establish a prevailing wage for such work. *Compare, e.g.*, 29 C.F.R. 1.7(b) (Secretary of Labor regulation adopted under similar provisions of federal Davis-Bacon Act, 40 U.S.C. § 276a *et seq.*, providing that if there has not been sufficient similar construction within area in past year to make determination, wages paid on similar construction in surrounding counties may be considered).

One letter we have received in connection with your request suggests that while the TDCJ project that prompted the request is to be constructed in Jefferson County (the Beaumont-Port Arthur area), the TDCJ is basing its prevailing wage determination on the Houston area, some 100 miles distant. We think that article 5159a would permit such a procedure only where unusual factual circumstances required it – *e.g.*, if no work of a similar character had recently been performed in the subdivision most nearly corresponding to the location of the work.

Article 5159a makes no provision regarding the "criteria and method" a public entity must use for determining prevailing wages beyond providing for the selection of the appropriate "locality." Even apart from the non-reviewability provision of the article, such lack of legislative specification of the "criteria and method" for making the prevailing wage determination evidences a legislative intent to leave the choice of such methods and criteria to the public entity responsible for making the determination, so long as the resulting determination reasonably reflects the actual "general prevailing rate of per diem wages" in the locality in question. Determinations of prevailing wages in a locality made by the Secretary of Labor under the Davis-Bacon Act, 40 U.S.C. § 276a *et seq.*, union wage scales, and similar data would be available to the public entity in making the requisite determinations under article 5159a. *See also* Attorney General Opinions JM-1164 (1990) (it is proper to include fringe benefits in calculating prevailing wage if it is determined that payment of fringe benefits is the prevailing practice in the locality; following Attorney General Opinion H-350); JM-329 (1985) (if public entity used a "weighted average" standard, and that standard was different from a "prevailing wage" standard, it had "failed to comply with the statute").

We note, finally, that you do not raise and we consequently do not address any issues here as to the applicability of federal law to TDCJ projects in question. *See, e.g.*, Attorney General Opinion M-809 (1971) (applicability of wage requirements of Davis-Bacon Act, 40 U.S.C. § 276a *et seq.*, to certain federally assisted projects).

## SUMMARY

The term "locality in which the work is performed" in the prevailing wage statute, article 5159a, V.T.C.S., generally refers to the political subdivision most nearly corresponding to the

location of the work. The criteria and methods for determining "the general prevailing rate of per diem wages" under that statute are matters within the discretion of the public body authorizing or contracting for the work, so long as the resulting prevailing wage determination reasonably reflects the actual "general prevailing rate of per diem wages" in the locality in question.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General