ASSOCIATED GENERAL CONTRAC-
TORS OF TEXAS, INC., and Ramon
Ortega, An Individual, Appellants,

v.

CITY OF EL PASO, Appellee.

No. 08–93–00447–CV.

Court of Appeals of Texas,
El Paso.

June 16, 1994.

Rehearing Overruled July 20, 1994.

Charles W. Stuber, Canterbury, Stuber, Pratt, Elder & Gooch, Jeffrey A. Brannen, Canterbury, Stuber, Pratt, Elder & Gooch, Dallas, for appellants.

David C. Caylor, City Atty., Laura P. Gordon, Asst. City Atty., El Paso, for appellee.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

## OPINION

LARSEN, Justice.

Plaintiffs Associated General Contractors of Texas, Inc. and Ramon Ortega appeal the trial court's dismissal of their lawsuit against the City of El Paso for want of jurisdiction. Their action sought a temporary restraining order (TRO), temporary and permanent injunction, and a declaratory judgment prohibiting the City from entering construction contracts which had prevailing wage rates established by the City Council's resolution of February 23, 1993. The trial court found it had no jurisdiction to review the City's actions. We reverse and remand to the trial court for further proceedings.

### FACTS

On February 23, 1993, the El Paso City Council unanimously approved resolutions adopting certain hourly wages and "prevailing wage rates" for persons working on public building and highway construction for the City. The resolution recites that TEX.REV.

CIV.STAT.ANN. art. 5159a requires the City to set a prevailing wage rate in the locality for each type of construction work; and that the manner in which the City Council had determined a prevailing wage was by:

> [C]onduct[ing] public meetings at which the El Paso City Council has heard evidence of the general prevailing rates of per diem wages in the locality for "Building" Construction; and
>
> [A]nalyz[ing] wage rate data submitted by contractors, contractors' associations, labor organizations, and other public bodies reflecting wage rates paid to laborers and mechanics on "Building" Construction in this locality....

The Council determined that the El Paso Building Trades Wage Rates for building construction were the general prevailing wage rate, and therefore adopted that schedule of wages for its public works contracts.

Plaintiffs challenged this resolution, claiming that it was not valid for contracts entered after September 1, 1993, the effective date of substantive amendments to TEX.REV.CIV. STAT.ANN. art. 5159a (Vernon 1987 and Supp. 1994). The City responded to the lawsuit by characterizing the suit as one involving a purely legislative function, not subject to judicial review. The trial court agreed that it lacked jurisdiction, and dismissed the case. This appeal follows.

### STANDARD OF REVIEW

We review the trial court's dismissal for want of jurisdiction by looking only to the allegations in plaintiff's pleadings, construing them as true and in the light most favorable to exercising jurisdiction, looking to the pleader's intent. *Huston v. Federal Deposit Insurance Corp.*, 663 S.W.2d 126, 129 (Tex. App.—Eastland 1983, writ ref'd n.r.e.).

### CONSTRUING AMENDMENTS TO ARTICLE 5159a

Before September 1993, Article 5159a did not provide a method for determining "the general prevailing rate of per diem wages," a matter left entirely to the discretion of the municipality. TEX.REV.CIV.STAT.ANN. art. 5159a, § 2 (Vernon 1987 and Supp.1994); see *City of Houston v. Houston Gulf Coast*

*Building and Construction Trades Council,* 710 S.W.2d 181, 184 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Texas Highway Commission v. El Paso Bldg. & Const. Trades Council,* 149 Tex. 457, 234 S.W.2d 857, 858–59 (1950). As amended, however, the relevant section reads:

> To ascertain the general prevailing wage rate, the public body *shall either conduct a survey to determine the prevailing wage* based upon the wages received by classes of laborers and mechanics employed on projects of a character similar to the contract work in the city, county or other political subdivision of the State in which the work is to be performed, *or adopt the prevailing wage rate as determined by the U.S. Department of Labor in accordance with the Davis–Bacon Act,* if the survey on which the Davis–Bacon rate was founded was conducted within three years prior to the bidding of the project. TEX.REV.CIV. STAT.ANN. art. 5159a, § 2(a). [Emphasis added].

The amendment became effective September 1, 1993. Article 5159a also provides, in a section that was not amended:

> The term 'general prevailing rate of per diem wages' shall be the rate determined upon as such rate by the public body awarding the contract, or authorizing the work, *whose decision in the matter shall be final.* TEX.REV.CIV.STAT.ANN. art. 5159a, § 4 (Vernon 1987). [Emphasis added].

Associated General Contractors claims that the City violated Article 5159a, § 2 for all contracts entered on or after September 1, 1993, because its resolution on prevailing wage rate did not comply with the statute's amendment. By the amendment, Associated General Contractors claims the legislature placed a duty on the City to either conduct a survey or use the Davis–Bacon rate in contracting for prevailing wage rates. Its argument stresses two points.

■ First, Associated General Contractors urges that when the legislature amends a law, we assume that it intended a change and we give substantive effect to the amendment. *Schott v. Leissner,* 659 S.W.2d 752, 754 (Tex.

App.—Corpus Christi 1983), writ ref'd per curiam, 668 S.W.2d 686 (Tex.1984); *Travenol Laboratories, Inc. v. Bandy Laboratories, Inc.,* 608 S.W.2d 308, 314 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.). When the legislature amends a statute, we must construe the law harmoniously, with all sections acting mutually upon each other. *Burlington Northern Railroad Co. v. Harvey,* 717 S.W.2d 371, 376 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Thus, we must assume that by adding to the statute two specific, alternative methods for determining a prevailing wage rate the legislature intended to change the prior law.

■ Second, Associated General Contractors points out that the legislature used the word "shall" in stating that a public body shall conduct a survey or use the Davis–Bacon rates. The word "shall" may sometimes be construed as advisory, but usually indicates a mandatory provision, particularly where that provision goes to the essence of the act to be performed. *Lewis v. Jacksonville Building and Loan Assoc.,* 540 S.W.2d 307, 310 (Tex.1976). Methods for determining the prevailing wage rate, it argues, go to the essence of the statute here, and we should interpret the legislature's use of "shall" to indicate a mandatory provision.

The sum of these two arguments is that the legislature intended a change to prior law. The prior law allowed cities to set wage rates in any fashion they desired; the amendment restricts cities to only two acceptable methods for doing so. Viewing plaintiffs' petition in the most favorable light, we conclude that they may be able to show that the City has been in noncompliance with the statute since the amendment took effect on September 1, 1993. Reading the statute otherwise would render the 1993 amendment meaningless, an outcome we are obliged to avoid.

### JURISDICTION

■ The courts may enforce law against municipalities and other governing bodies of the State. Tex. Const. art. V, §§ 6, 8, and 16; Tex.Gov't Code Ann. §§ 25.0003 (Vernon 1988 and Supp.1994) and 26.042 (Vernon 1988 and Supp.1994). We have no power to substitute our judgment and discretion for that of the governing body, so long as it acts lawfully. *Lewis v. City of Fort Worth,* 126 Tex. 458, 89 S.W.2d 975, 978 (1936). Where the governing body acts illegally or arbitrarily, however, we may enter judgment accordingly, and may issue injunctive relief to enforce that decision. *Id.; City of Shoreacres v. State,* 582 S.W.2d 211, 213–14 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). Although the courts possess no power to direct a specific method of performing a required act, (for example, we could not order the City to use only one of the two acceptable methods for determining wage rate), the trial court does have subject matter jurisdiction to determine whether the City violated Article 5159a, § 2 by failing to use one of its listed methods for determining prevailing wage rate. *Id.*

### CONCLUSION

The trial court's order dismissing this lawsuit for lack of subject matter jurisdiction is reversed, and the case is remanded for further proceedings in accordance with this opinion.