Office of the Attorney General · State of Texas



March 8, 1999

The Honorable René O. Oliveíra
Chair, Committee on Ways & Means
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0011

Re: Whether a school district may require minimum "poverty level wage" in contracts with district (RQ-1196)

Dear Representative Oliveíra:

You ask us to determine whether article III, section 52 of the Texas Constitution or chapter 2258 of the Government Code prohibits the McAllen Independent School District from requiring outside contractors with the district to pay their workers a minimum "poverty level wage" in the performance of contracts subject to chapter 2258. While we find no constitutional impediment to a poverty level wage requirement, we conclude that chapter 2258 of the Government Code precludes the district from including such a requirement in contracts subject to the chapter. In the absence of a constitutional bar, it is within the power of the legislature to make adjustments in the law to meet the concerns raised by the school district.

Because you ask about the validity of the poverty level wage requirement in light of the provisions of chapter 2258, we will confine our analysis to contracts covered by that chapter. Chapter 2258 of the Government Code gives a worker employed on a public work the right to be paid "not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the work is performed." TEX. GOV'T CODE ANN. § 2258.021(a)(1) (Vernon 1999). Chapter 2258 applies to "the construction of a public work, including a building, highway, road, excavation, and repair work or other project development or improvement, paid for in whole or in part from public funds . . . ." *Id.* § 2258.002(a).

The public body awarding a contract must determine the local prevailing wage using one of the methods set out in the statute and must specify the prevailing wage in any call for bids to perform the work. *Id.* § 2258.022(a), (c); *see also Associated Gen. Contractors v. City of El Paso*, 879 S.W.2d 318, 320 (Tex. App.–El Paso 1994, no writ) (stating that law restricts public body to only two acceptable methods for determining prevailing wage rate). It must either (1) conduct a survey of local wages for the type of work to be performed, or (2) use the prevailing wage rate determined by the United States Department of Labor in accordance with the federal Davis-Bacon Act, 40 U.S.C.A. §§ 276a through 276a-5 (West 1996), which requires a minimum prevailing wage in certain federal contracts. TEX. GOV'T CODE ANN. § 2258.022(a) (Vernon 1999). A contractor who is awarded a contract with the public body may not pay its workers less than the prevailing wage for any work performed on the contract. *Id.* § 2258.023(a).

The purpose of the statute is to protect workers from unfairly low wages, a problem described in the emergency clause of the bill upon its original enactment in 1933:

> Sec. 7. The fact that there is no adequate law protecting laborers, workmen and mechanics engaged in doing and performing work on public works in Texas and its political subdivisions, and the further fact that many contractors are taking advantage of the present industrial and economic condition to beat down wages to a level far below that required to maintain a laborer, workman or mechanic in reasonable circumstances, and the further fact that this condition has created a social problem demanding the immediate attention of the legislative department of our State create an emergency and an imperative public necessity.

Act of Mar. 21, 1933, 43d Leg., R.S., ch. 45, § 7, 1933 Tex. Gen. Laws 91, 93-94. You tell us that with this same purpose in mind, the McAllen Independent School District wishes to require its outside contractors to pay their workers not less than what the school district has determined to be a "poverty level wage" or "living wage," a wage that is higher than the local prevailing wage determined by the school district in accordance with chapter 2258. *See* Letter from Honorable Juan J. Hinojosa, Texas House of Representatives, and Honorable René O. Oliveira, Chair, Economic Dev. Comm., Texas House of Representatives, to Attorney General Dan Morales (Sept. 24, 1998) (on file with Opinion Committee). We assume for purposes of this opinion that the proposed poverty level wage is above the prevailing wage properly determined by the district using one of the two methods stated above. The prevailing wage in the McAllen area, you explain, is well below the average Texas wage for construction work and is not enough to allow a worker to live above the federal poverty level. *Id.* For example, you tell us that the average construction worker in the Rio Grande Valley area of Texas earns $6.25 per hour, while the Texas average is $11.46 per hour. *Id.*

You first ask whether a minimum poverty level wage requirement in school district contracts is prohibited by article III, section 52 of the Texas Constitution. Article III, section 52(a) prohibits the legislature from authorizing any political corporation or subdivision of the state "to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever." A similar provision in article III, section 51 states that "[t]he Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever." The purpose of these and like provisions in our constitution is to prevent the gratuitous application of public funds to private individuals. *See Byrd v. City of Dallas*, 6 S.W.2d 738, 740 (Tex. 1928); *Graves v. Morales*, 923 S.W.2d 754, 757 (Tex. App.–Austin 1996, writ denied).

But the constitution does not bar a governmental expenditure that benefits a private interest if it is made for the direct accomplishment of a legitimate public purpose. *See Byrd*, 6 S.W.2d at 740. "A transfer of funds for a public purpose, with a clear public benefit received in return, does not amount to a lending of credit or a grant of public funds in violation of article III, sections 51 and

52." *Edgewood Indep. Sch. Dist. v. Meno*, 917 S.W.2d 717, 740 (Tex. 1995). The payment of reasonable wages for work performed pursuant to a contract for the construction of a public work is not a gratuitous grant of public money. The public body receives the benefit of the workers' service in return for payment of their wages by way of the contract. *See Byrd*, 6 S.W.2d at 741 (pensions to police and fire department employees are not an unconstitutional gratuity); *Graves*, 923 S.W.2d at 757 (state's payment of state attorneys' occupation tax is not gratuitous because state benefits from attorney's employment). Thus, we find no constitutional bar to a minimum poverty level wage requirement.

You also ask us to consider, however, whether the requirement is barred by chapter 2258 of the Government Code. While chapter 2258 "does not prohibit the payment to a worker employed on a public work an amount greater than the general prevailing rate of per diem wages," TEX. GOV'T CODE ANN. § 2258.025 (Vernon 1999), it does not *authorize* a school district to *require* a contractor to pay a wage greater than the local prevailing wage. School districts, like other political subdivisions of the state, other than home-rule cities, have only those powers expressly conferred on them by the constitution or by statute or those necessarily implied from the powers conferred. *See Texas Roofing Co. v. Whiteside*, 385 S.W.2d 699, 701 (Tex. Civ. App.–Amarillo 1965, writ ref'd n.r.e.). Although local school district boards of trustees are given broad powers over the management of their affairs, *see* TEX. EDUC. CODE ANN. § 11.151 (Vernon 1996), they must nevertheless act within the confines of state law, *see* Tex. Att'y Gen. Op. No. DM-113 (1992) at 4.

Chapter 2258 applies to any public body awarding a contract for a public work on behalf of the state or a political subdivision of the state. *See* TEX. GOV'T CODE ANN. §§ 2258.001(2), .002 (Vernon 1999). It provides that a public body "shall determine the general prevailing rate of per diem wages" and "shall specify in the call for bids for the contract and in the contract itself the wage rates" so determined. *Id.* § 2258.022(a), (c). An officer, agent, or representative of the state or of a political subdivision commits an offense if the person willfully violates or does not comply with a provision of the chapter. *Id.* § 2258.058(a). When a power is granted and its method of exercise prescribed, it is implied that the prescribed method excludes all others. *See Foster v. City of Waco*, 255 S.W. 1104, 1105 (Tex. 1923). In our view, in enacting the minimum prevailing wage requirements of chapter 2258, the legislature intended to preclude a public body from requiring its contractors to adhere to any other minimum wage requirement. The provision stating that chapter 2258 does not prohibit the payment to a worker of an amount greater than the prevailing wage rate merely recognizes that chapter 2258 sets a floor for wages, not a ceiling. Contractors may pay their workers more than the prevailing wage rate if they can do so and still procure the contract. But the McAllen Independent School District may not require its outside contractors to pay their workers not less than a "poverty level wage" or "living wage" in the performance of contracts subject to chapter 2258 of the Government Code.

We do not question the worthiness of the school district's goal of ensuring that local workers earn a living wage. However, the legislature has implemented a policy of requiring a prevailing wage rate in contracts for the construction of public works, and courts have construed this policy strictly. *See, e.g., Cullipher v. Weatherby-Godbe Constr. Co.*, 570 S.W.2d 161, 164 (Tex. Civ.

App.–Texarkana 1978, writ ref'd n.r.e.) ("The right of workers to receive a prevailing wage rate is strictly a matter of statutory authorization. This is a matter which may need legislative attention and only that body has the authority to amend the statute which will eliminate the problem pointed out in this case."). It is within the power of the legislature to make appropriate adjustments in the law. As we discussed above, we see no constitutional impediment to including or providing for a poverty level wage requirement.

## S U M M A R Y

A school district may not require outside contractors with the district to pay their workers a minimum poverty level wage for work performed pursuant to a contract with the district governed by the requirements of chapter 2258 of the Government Code, which requires a minimum prevailing wage in contracts for public works.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Barbara Griffin
Assistant Attorney General