[COMMENT1] 

 

 

 

 

 

                                      COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-439-CV

 

 

JNC PARTNERS DENTON, LLC                                               APPELLANT

 

                                                   V.

 

CITY OF DENTON, TEXAS                                                       APPELLEE

 

                                              ------------

 

            FROM THE 393RD
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.                   
Introduction








Appellant
JNC Partners Denton, LLC appeals from the trial court=s denial of its request for a temporary
injunction enjoining Appellee City of Denton from annexing JNC=s property. 
The underlying issue is whether JNC has shown a probable right to compel
arbitration under section 43.052(i) of the local government code.  See Tex.
Loc. Gov=t Code Ann. '
43.052(i) (Vernon Supp. 2005).  We
affirm the trial court=s order denying the temporary injunction.

II.                
Local Government Code Section 43.052

Because
the resolution of this case depends on our interpretation of local government
code section 43.052, we will first review the relevant portions of that section
to put the facts and issues into context.








Section
43.052(c) requires a municipality to create and make known to the public a
formal three‑year annexation plan. 
Id. ' 43.052(c).  The plan gives three years=
advance notice of the municipality=s
intention to annex to persons whose land is described in the plan.  Id. 
An exception to this rule, section 43.052(h)(1), provides that a
municipality is not required to include sparsely populated and predominately
unimproved land in its three‑year plan.  Id. ' 43.052(h)(1).  Further, when proceeding pursuant to that exception, the
municipality may annex the land as directed by sections 43.061‑.065,
which require substantially shorter notice than three years.  Id. (providing that annexation
outside a three‑year plan is permitted if the area contains Afewer than 100 separate tracts of land on
which one or more residential dwellings are located on each tract@); id.
'' 43.061‑.065 (section 43.063 requires
advance notice of intention to annex of only thirty days and section 43.064
requires completion of annexation within ninety days) (Vernon Supp. 2005).  When a landowner is notified that a
municipality intends to annex the landowner=s
property using section 43.052(h)(1) annexation procedures and believes the
procedure to be in violation of section 43.052(c), the landowner may petition
the municipality under section 43.052(i) for inclusion of the land in a three‑year
annexation plan.  Id. ' 43.052(i). 
If the municipality Afails
to take action on the petition,@
the landowner may request arbitration.  Id.
 The full text of section 43.052(i)
provides as follows: 

A municipality may not circumvent the
requirements of this section by proposing to separately annex two or more areas
described by Subsection (h)(1) if no reason exists under generally accepted
municipal planning principles and practices for separately annexing the
areas.  If a municipality proposes to
separately annex areas in violation of this section, a person residing or
owning land in the area may petition the municipality to include the area in
the municipality=s annexation plan.  If the municipality fails to take action on the petition, the
petitioner may request arbitration of the dispute.  The petition must request the appointment of an arbitrator in
writing to the municipality.  Sections
43.0564(b), (c), and (e) apply to the appointment of an arbitrator and the
conduct of an arbitration proceeding under this subsection.  Except as provided by this subsection, the
municipality shall pay the cost of 
arbitration.  If the arbitrator
finds that the petitioner=s
request for arbitration was groundless or requested in bad faith or for the
purposes of harassment, the arbitrator shall require the petitioner to pay the
costs of arbitration.

 

Id. 

III.              
Factual and Procedural History








With
section 43.052 as a backdrop, we turn to the factual and procedural history of
this case.

JNC owns a
large area of land northeast of Denton=s
city limits and just south of Lake Ray Roberts.  JNC submitted to Denton a petition for consent to create a water
control and improvement district involving JNC=s
property.  Two months later, Denton
mailed notices to property owners announcing its intention to annex about 5,900
acres of territory, including all of JNC=s
property, under section 43.052(h).[1]  JNC=s
petition to create a water control district was a triggering event for Denton=s proposed annexation. 

JNC
submitted a letter to Denton requesting that Denton include its property in
Denton=s three-year annexation plan.  Denton denied JNC=s request. Meanwhile, Denton proceeded with
its proposed annexation by conducting two required public hearings. 

JNC
submitted a written arbitration request to Denton, and Denton rejected the
request.  JNC then sued Denton to compel
arbitration.  JNC sought a temporary
restraining order and temporary and permanent injunctions to preserve the
status quo pending arbitration.  Denton filed
a plea to the jurisdiction.  The trial
court heard Denton=s plea and orally denied it.  The trial








court then considered JNC=s request for a temporary injunction, which
the parties submitted to the court on stipulated facts.  The trial court denied JNC=s request. 

JNC filed
a notice of interlocutory appeal and an emergency motion for temporary
stay.  We granted a temporary stay and
ordered Denton to refrain from taking further steps to annex JNC=s property pending resolution of this
appeal.  When Denton requested a
reciprocal stay, we ordered JNC to refrain from taking steps to complete the
formation of its water control district or to seek approval for plats to
develop its property pending resolution of this appeal.  When Denton later proposed to amend its
municipal platting ordinances in a manner that JNC alleged would have a
substantial effect on JNC=s
rights, we ordered Denton to refrain from amending the relevant ordinances
pending resolution of this appeal.

IV.             
Discussion

The issue
presented by this appeal is narrow: did the trial court abuse its discretion by
denying JNC=s request for temporary injunctive
relief?  The trial court has not yet
ruled on the merits of JNC=s
request to compel arbitration; thus, that ultimate issue is not before the
court.








Whether to
grant or deny a temporary injunction is within the trial court=s sound discretion.  Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex.
2002).  The purpose of a temporary
injunction is to preserve the status quo of the litigation=s subject matter pending a trial on the
merits.  Id.  A temporary injunction is an
extraordinary remedy and does not issue as a matter of right.  Id.; Walling v. Metcalfe, 863 S.W.2d
56, 57 (Tex. 1993).  To obtain a
temporary injunction, the applicant must plead and prove three specific
elements:  (1) a cause of action against
the defendant; (2) a probable right to the relief sought; and (3) a probable,
imminent, and irreparable injury in the interim.  Butnaru, 84 S.W.3d at 204.

Our
analysis will focus on the second element of the temporary injunction test;
that is, whether JNC pleaded and proved a probable right to compel
arbitration.  To show a probable right
of recovery, the applicant need not establish that it will finally prevail in
the litigation, but it must, at the very least, present some evidence that,
under the applicable rules of law, tends to support its cause of action.  In re Tex. Nat. Res. Conserv. Comm=n, 85 S.W.3d 201, 204 (Tex. 2002).








A
threshold question of law in this case is whether a landowner may compel
arbitration under section 43.052(i) when a municipality denies a petition to
include the landowner=s property in a three-year
annexation plan.  The Dallas court of
appeals addressed this question in Hughes v. City of Rockwall, 153
S.W.3d 709 (Tex. App.CDallas 2005, pet. granted).  Rockwall argued that Hughes had no standing
to compel arbitration because only the State, through a quo warranto
proceeding, can compel a municipality to comply with section 43.052(i).  Id. at 712.  Rockwall also argued that denial of a landowner=s petition to include property in a three-year annexation
plan does not trigger the landowner=s right to arbitrate because that
right arises under section 43.052(i) only when the municipality Afails to take action on the petition,@ and denying the petition is taking action on it.  Id. at 713.  Denton makes the same arguments in this case. 

The
Dallas court rejected Rockwall=s arguments.  Id. at 713-14.  We find the Dallas court=s reasoning persuasive and reject Denton=s arguments for the reasons articulated in Hughes.  See id.








The
next question is whether JNC proved a probable right to prevail on its request
to compel arbitration.  Section
43.052(i) provides that a landowner or resident may petition a municipality to
include the land in a three-year plan if the municipality proposes to
separately annex Aareas@ in violation of section 43.052(i), and may request
arbitration if the municipality denies the petition.  Tex. Loc. Gov=t Code
Ann. ' 43.052(i).  A Aviolation@ occurs when a municipality
proposes to Aseparately annex two or more areas
described by Subsection (h)(1) if no reason exists under generally accepted
municipal planning principles and practices for separately annexing the areas.@  Id.  Thus, 43.052(i) creates a right to arbitrate
only when the municipality proposes to separately annex multiple Aareas@ in violation of the section.

The
stipulated facts submitted to the trial court in connection with the temporary
injunction hearing prove that Denton proposed to annex but one area, the area
including JNC=s property.  The stipulated facts show that Denton
proposed annexing another area, the AshGrove Cement Annexation, in mid-2005,
but Denton abandoned that proposal for reasons purportedly unrelated to section
43.052.  The parties also stipulated to
the existence of several other proposed annexations, some completed and some
abandoned, in 2001 and 2002.  It is
impossible to tell from the sparse facts recited in the stipulations whether
Denton pursued those annexations under section 43.052(h).  Indeed, it appears likely from the dates
recited in the stipulations that Denton attempted those annexations under a
transitional provision included in the 1999 legislation that allowed a
municipality to annex territory under the prior statutory procedure for three
years after section 43.052=s 
effective date.  See Act
of June 18, 1999, 76th Leg., R.S., ch. 1167, ' 17, 1999 Tex. Gen. Laws. 4090;
see also Hughes, 153 S.W.3d at 712 (citing City of Balch Springs v. Lucas,
101 S.W.3d 116, 122 (Tex. App.CDallas 2002, no pet.)).  Further, all of those annexations preceded
by several years the one at issue in this case.








JNC
presented no evidence that tended to show that Denton proposed to annex two or
more areas as described in section 43.052(h). 
Thus, JNC failed to prove a probable right to arbitration under section
43.052(i).  We therefore hold that the
trial court did not abuse its discretion by denying JNC=s request for a temporary injunction.

V.                
Conclusion

Having
overruled JNC=s issue, we affirm the trial court=s denial of JNC=s
request for a temporary injunction and remand the case to the trial court for
further proceedings.  We deny Denton=s AMotion
to Dismiss Appeal for Mootness.@  The stays imposed by our orders of December
15 and 16, 2005, and March 17, 2006, will remain in effect for fourteen days
from the date of this opinion to give the parties the opportunity to seek
relief in the Supreme Court of Texas if they so desire.

 

ANNE GARDNER

JUSTICE

 

PANEL M:      GARDNER, WALKER, and
MCCOY, JJ.

 

WALKER, J., filed a dissenting opinion.

 

DELIVERED:  March 23, 2006

 

 

 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

 

                                        NO.  2-05-439-CV

 

 

 

JNC
PARTNERS DENTON, LLC                                               APPELLANT

 

                                                   V.

 

CITY
OF DENTON                                                                   APPELLEE

 

 

                                              ------------

 

            FROM THE 393RD DISTRICT COURT OF
DENTON COUNTY

 

                                              ------------

 

                                   DISSENTING OPINION

 

                                              ------------

Because
I would hold that JNC Partners Denton, LLC has shown a probable right to compel
arbitration under section 43.052(i), I respectfully dissent.








The
primary issue in this appealCwhether JNC has shown a probable
right to compel arbitration under local government code subsection 43.052(i)Cinvolves the proper statutory construction of that
subsection.  See Tex. Loc. Gov=t Code
Ann. ' 43.052(i) (Vernon Supp. 2005).  That subsection provides in pertinent part:

(i) A municipality may not
circumvent the requirements of this section by proposing to separately annex
two or more areas described by Subsection (h)(1) if no reason exists under
generally accepted municipal planning principles and practices for separately
annexing the areas.  If a municipality
proposes to separately annex areas in violation of this section, a person
residing or owning land in the area may petition the municipality to include
the area in the municipality=s annexation plan.  If the municipality fails to take action on
the petition, the petitioner may request arbitration of the dispute.

 

Id.

 

Our
primary goal in interpreting a statute is to ascertain and to effectuate the
legislature=s intent.  Liberty Mut. Ins. Co. v. Garrison
Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998).  In doing so, we begin with the statute=s plain language before resorting to rules of
construction.  Helena Chem. Co. v.
Wilkins, 47 S.W.3d 486, 493 (Tex. 2001); Fitzgerald v. Advanced Spine
Fixation Sys., Inc., 996 S.W.2d 864, 865‑66 (Tex. 1999).  We begin with the plain language because we
assume that the legislature attempted to say what it meant; therefore, the
statute=s words should be the surest guide
to the legislature=s intent.  Fitzgerald, 996 S.W.2d at 866.








The
majority construes local government code section 43.052(i) as conferring a
statutory right of arbitration only when a municipality proposes the concurrent
annexation of two or more areas falling within the section 43.052(h) exception
for mandatory inclusion in the municipality=s three-year annexation plan.  Tex.
Loc. Gov=t Code
Ann. '43.052(h)-(i) (Vernon Supp. 2005).  This construction by the majority renders
the right to arbitration codified in section 43.052(i) meaningless because so
long as the municipality sequentially annexes each individual 43.052(h)(1) areaCnever implementing concurrent annexation proceedings for
two section 43.052(h)(1) areasCthe right to arbitration is never
triggered.  The municipality may simply
sequentially and continuously annex section 43.052(h)(1) areas, circumventing
subsection (c)=s mandatory requirement that A[a] municipality shall prepare an annexation plan
that specifically identifies annexations that may occur beginning on the third
anniversary of the date the annexation plan is adopted.@  Id. ' 43.052(c) (emphasis added).








Indeed,
that is what the City did in this case; the City=s three-year annexation plan is
not an annexation plan at all, providing only that the City Ahas determined that any anticipated annexations in the
foreseeable future will be exempt from the annexation plan . . . pursuant to
section 43.052(h).@ 
The facts stipulated to by the parties at the temporary injunction
hearing establish that the City had annexed multiple areas pursuant to section
43.052(h) within the three years preceding its proposed annexation of the area
that included JNC=s property.[2]  Thus, the record shows that the City
circumvented the statute=s mandatory requirement that it
prepare a three-year annexation plan by proposing and by accomplishing the
annexation of two or more subsection (h)(1) areas during the purported
three-year plan.  And the City did not
allege, argue, or prove in the trial court that any reason exists under
generally accepted municipal planning principles and practices for separately
annexing  the ANorth Denton Annexation@ that includes JNC=s property.  








Accordingly,
I would decline to read the word Aconcurrent@ into local government code subsection 43.052(i).  I would hold that the stipulated facts
establish that the City proposed to and did separately annex areas in violation
section 43.052 and that, consequently, JNC has shown a probable right to compel
arbitration under section 43.052(i).[3]  Consequently, I would hold that the trial
court abused its discretion by denying JNC=s request for temporary injunctive
relief.

 

 

SUE WALKER

JUSTICE

 

DELIVERED: March 23, 2006











[1]Denton later reduced the proposed
annexation area to about 5,800 acres. 





[2]In 2005, the City proposed the
AshGrove Cement Annexation.  Although
that proposed annexation was withdrawn after two public hearings, it had been
proposed concurrently with the present annexation.  In 2002, the City annexed 104 acres owned by TRIO Operating
Company and the Robson Ranch North area. 





[3]I agree with the majority that JNC
satisfied the other two elements necessary to obtain a temporary
injunction.  See, e.g., Butnaru v.
Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).















 [COMMENT1]

Majority by Justice Gardner

Dissent by Justice Walker