Vester T. HUGHES, as Sole Independent Executor of the Estate of W.W. Caruth, Jr., Deceased, Appellant,

v.

CITY OF ROCKWALL, Texas, Appellee.

No. 05–04–01562–CV.

Court of Appeals of Texas, Dallas.

Jan. 20, 2005.

---

Robert H. Mow, Jr., R. Matthew Molash, Dwight A. Shupe, Evan S. Tilton, Hughes & Luce, L.L.P., Dallas, for Appellant.

Terry D. Morgan, Terry D. Morgan & Associates, P.C., Pete Eckert, Caso, Egelston & Eckert, James W. Morris, Jr., Goins Underkofler Crawford & Langdon, Dallas, for Appellee.

Before Justices WRIGHT, O'NEILL, and LANG.

## OPINION

Opinion by Justice LANG.

In this expedited appeal, we address a case of first impression in municipal annexation law. We must interpret section 43.052(i), to determine whether it permits a landowner to seek arbitration absent intervention by the State. TEX. LOCAL GOV'T CODE ANN. § 43.052(i) (Vernon 2004). Our conclusion is that it does. We reverse the trial court's order granting the City of Rockwall's plea to the jurisdiction and remand for entry of orders in compliance with this opinion.

### I. Factual Context and Issues

Rockwall proposed annexing two tracts of land owned by the Estate of W.W. Caruth, Jr. under section 43.052(h)(1) of the local government code. The Estate objected to the annexation proposal and pursuant to section 43.052(i), petitioned Rockwall to include the land in a three-year annexation plan provided for by section 43.052(c). Rockwall denied the request. The Estate then requested arbitration under section 43.052(i). Rockwall declined to arbitrate asserting arbitration was not "appropriate" and that it had not violated the statute.

In response to Rockwall's position, the Estate filed suit in district court requesting a temporary restraining order, temporary injunction, and order for arbitration.

The Estate claimed Rockwall was seeking to circumvent the requirements of section 43.052(c), which requires the city to proceed with annexation pursuant to a three-year annexation plan, by pursuing a series of separate annexations under section 43.052(h)(1), an exception to the general requirement. The Estate asked the trial court to compel arbitration under section 43.052(i) and enjoin Rockwall from proceeding with its intended annexation of the Estate's land. Rockwall responded by filing a plea to the trial court's jurisdiction, alleging: 1) the Estate had no standing to attack what Rockwall claimed was a matter of annexation procedure, and 2) the only means to attack Rockwall's annexation procedure was through *quo warranto*, which can be brought only by the State. On stipulated facts, the trial court granted the plea to the jurisdiction and dismissed the case. The Estate appealed.

We granted the Estate's request for a stay of Rockwall's annexation pending appeal. The Estate claims, in three issues, that the trial court: 1) erred in granting Rockwall's plea to the jurisdiction, 2) should have ordered arbitration, and 3) should have enjoined Rockwall's proposed annexation. For the reasons set forth below, we decide the Estate's issues in its favor, reverse the trial court's order of dismissal and remand with directions that the trial court order arbitration and enjoin Rockwall from proceeding with annexation pending the outcome of the arbitration process provided by section 43.052(i).

## II. Standard of Review

■ This Court reviews orders granting pleas to the jurisdiction de novo. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 553–54 (Tex.2000); *City of Balch Springs v. Lucas,* 101 S.W.3d 116, 119 (Tex.App.-Dallas 2002, no pet.). In determining a plea to the jurisdiction, the trial court looks at the pleadings and evidence related to the jurisdictional issues. *Bland,* 34 S.W.3d at 554–55.

## III. Annexation Law

Section 43.052(c) requires a municipality to create and make known to the public a formal three-year annexation plan. TEX. LOCAL GOV'T CODE ANN. § 43.052(c) (Vernon Supp.2004). The plan gives three-year's advance notice of the municipality's intention to annex to persons whose land is described in the plan. *Id.* An exception to this rule, section 43.052(h)(1), provides that, for sparsely populated and predominately unimproved land, a municipality is not required to include such land in its three-year plan. Further, when proceeding pursuant to that exception, the municipality may annex the land as directed by sections 43.061–.065, which require substantially shorter notice than three-years. TEX. LOCAL GOV'T CODE ANN. § 43.052(h)(1) (annexation outside a three-year plan is permitted if the area contains "fewer than 100 separate tracts of land on which one or more residential dwellings are located on each tract"); TEX. LOCAL GOV'T CODE ANN. §§ 43.061–.065 (section 43.063 requires advance notice of intention to annex of only thirty days and section 43.064 requires completion of annexation within ninety days.). When a landowner is notified that a municipality intends to annex his property using section 43.052(h)(1) annexation procedures and believes the procedure to be in violation of section 43.052(c), he may petition the municipality under section 43.052(i) for inclusion of the land in a three-year annexation plan. TEX. LOCAL GOV'T CODE ANN. § 43.052(i). Section 43.052(i) provides:

A municipality may not circumvent the requirements of this section by proposing to separately annex two or more areas described by Subsection (h)(1) if no reason exists under generally accept-

ed municipal planning principles and practices for separately annexing the areas. If a municipality proposes to separately annex areas in violation of this section, a person residing or owning land in the area may petition the municipality to include the area in the municipality's annexation plan. *If the municipality fails to take action on the petition, the petitioner may request arbitration of the dispute.* The petition must request the appointment of an arbitrator in writing to the municipality. Sections 43.0564(b), (c), and (e) apply to the appointment of an arbitrator and the conduct of an arbitration proceeding under this subsection. Except as provided by this subsection, the municipality shall pay the cost of the arbitration. If the arbitrator finds that the petitioner's request for arbitration was groundless or requested in bad faith or for the purposes of harassment, the arbitrator shall require the petitioner to pay the costs of the arbitration.

TEX. LOCAL GOV'T CODE ANN. § 43.052(i) (emphasis added).

The central issue before us is whether, under section 43.052(i), the landowner may request and is entitled to arbitration if the municipality refuses to include his land in the three-year plan.

## IV. Standing

Rockwall contends that the Estate has no standing to request or compel arbitration because the issues of what land is to be included in an annexation plan and whether the annexation under section 43.052(h)(1) merely circumvents the section 43.052(c) requirement are questions of procedure, not substance. Further, Rockwall claims that, although it may, at its election, engage in arbitration as described in section 43.052(i), it had no obligation to do so unless compelled by a ruling in a *quo*

*warranto* suit brought by the State. Finally, Rockwall claims it is exclusively the State which may attack an annexation procedure and only by means of *quo warranto*. On the other hand, the Estate claims that section 43.052(i) creates a clear right to arbitration when demanded by a landowner and Rockwall's interpretation of the statute is contrary to the plain language of the statute.

In support of its position, Rockwall claims that our decision in *City of Balch Springs v. Lucas*, dictates that the Estate has no standing to compel arbitration under this statute. Rockwall tells us that in *Lucas*, the landowner raised issues regarding the impropriety of annexing under an exception to the general rule and as to the City of Balch Springs's refusal of the landowner's demand to arbitrate. *Lucas*, 101 S.W.3d at 116. In that case, we decided that the City's plea to the jurisdiction should have been granted by the trial court and the landowner's points were not meritorious. However, we disagree with Rockwall's analysis of that case.

While it is true that the landowner in *Lucas* made claims similar to those raised here by the Estate, and we stated in *Lucas* that section 43.052 is procedural in nature making it subject to attack only by *quo warranto*, we concluded that the requirement to annex pursuant to a three-year plan under section 43.052(c) was not yet effective and binding on the City of Balch Springs. *Id.* at 122. Rather, a transitional provision was included in the 1999 legislation whereby a municipality was not required to wait for three-years to annex after a plan was created, but could proceed with annexations under the prior statutory procedure until three-years had transpired from the effective date of the amended statute. *Id.* Accordingly, we concluded the actions of the City of Balch Springs were not restricted as argued by Lucas.

The case before us is markedly different. First, there is no claim that the transitional provisions of section 43.052 apply. It is clear that this controversy arose more than three-years after the statute became effective. Hence, section 43.052(c) is fully effective and applicable to these parties. Second, although we acknowledge the authority of the general rule that procedural irregularities in a municipality's annexation process may be attacked only by *quo warranto*, section 43.052(i) was created by the legislature subsequent to the enumeration of that rule by our courts. *See Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 436 (Tex.1991). We agree with the observation of the Fort Worth Court of appeals when it said: *"[a]bsent specific legislative authorization,* the only proper method for attacking the validity of a city's annexation of territory is through a *quo warranto* proceeding, unless the annexation is wholly void." *City of Wichita Falls v. Pearce*, 33 S.W.3d 415, 417 (Tex. App.-Fort Worth 2000, no pet.) (emphasis added). The plain language of section 43.052(i) provides "specific legislative authorization" for a private person to seek arbitration where it directs that

> [i]f a municipality proposes to separately annex areas in violation of this section, *a person residing or owning land in the area* may petition the municipality to include the area in the municipality's annexation plan. If the municipality fails to take action on the petition, *the petitioner* may request arbitration of the dispute.

Tex. Local Gov't Code Ann. § 43.052(i) (emphasis added). The very language of the section makes it clear that the issue of whether certain annexations under section 43.052(h)(1) circumvent the requirement of section 43.052(c) is subject to arbitration between a landowner and the municipality. Having so concluded, we must determine when and how that election to arbitrate may arise.

## V.   Arbitration

Rockwall launches this part of its argument by suggesting that the language in section 43.052(i), "fails to take action on the petition," means that the right of arbitration arises only if Rockwall "does nothing" in the face of the petition of the landowner to include its property in a three-year plan. Rockwall claims that it did not "fail to take action." Rather, it says it acted upon the petition by denying it. Accordingly, Rockwall contends it is not required to arbitrate. Further, Rockwall claims the State alone can seek to compel the city to arbitrate by bringing a *quo warranto* action attacking the propriety of Rockwall's annexation procedure on the discrete issue framed by section 43.052(i): whether a municipality has circumvented the requirement of a three-year plan by annexing under section 43.052(h)(1) if no reason exists under generally accepted municipal planning principles and practices for separately annexing the areas. We disagree with Rockwall's interpretation and conclude that it does not comport with the plain language of the section.

First, if Rockwall's interpretation is correct, we would have to read the statute to provide that a landowner could not actually initiate arbitration. All it could do is ask. A landowner would be at the mercy of the unilateral decisions of two government entities as to whether there would be any arbitration. Rockwall could unilaterally elect to arbitrate or if it did not desire to do so, a landowner must convince the State to sue Rockwall by way of *quo warranto*. Instead, we read the plain language of the statute to provide that, if Rockwall fails to take action on the petition to include the area in the annexation plan, the landowner may request arbitra-

tion of the dispute. That request will cause Rockwall to engage in the arbitration. TEX. LOCAL GOV'T CODE ANN. § 43.052(i).

Obviously, arbitration is implanted in the section as a means to resolve a "dispute." *Id.* ("... the petitioner may request arbitration of the *dispute*.") (emphasis added). It is also obvious that no "dispute" will exist where a municipality grants the petition of the landowner and includes the land in the annexation plan. However, a "dispute" will exist when a municipality takes no action or denies the petition. Nowhere in the statute can we find language providing Rockwall with the unilateral right to refuse arbitration and thereby block the landowner from arbitration. Further, there is no provision directing the parties to await action by the State. The statute's language states arbitration may be elected by the landowner after it has met with no success on its petition that the municipality include the area in the annexation plan. Then the landowner and the municipality shall proceed with arbitration as specified by section 43.052(i) pursuant to section 43.0564(b), (c), and (e) which addresses appointment of the arbitrator and the conduct of the arbitration. TEX. LOCAL GOV'T CODE ANN. § 43.0564.

■ Second, we are not persuaded by Rockwall's argument that allowing a landowner to pursue arbitration without intervention of the State by way of *quo warranto* will create confusion and excessive cost through a series of duplicative and expensive individual landowner arbitrations. Indeed, we recognize a general policy behind the rule prohibiting individual suits attacking a municipality's annexation procedure is to avoid duplicative and expensive litigation. *Alexander,* 825 S.W.2d at 437. However, section 43.052(i) does not frustrate that policy. The legislature did not open the door for seriatim arbitrations respecting all actions of the municipality in its annexation process. The statute sets out an arbitration procedure which was meant, by its plain language, to afford each landowner the opportunity to arbitrate only the narrow issue provided for in the statute: "[I]f a municipality proposes to separately annex areas in violation of this section, a person residing or owning land in the area may petition the municipality to include the area in the municipality's annexation plan." TEX. LOCAL GOV'T CODE ANN. § 43.053(i).

## VI. Conclusion

We conclude the trial court erred in granting Rockwall's plea to the jurisdiction and decide the Estate's issues in its favor. Accordingly, we reverse the trial court's order of dismissal and remand the case to the trial court directing that it enter an order compelling arbitration in accordance with section 43.052(i), granting a temporary injunction against Rockwall prohibiting it from proceeding with annexation of Estate's land during the pendency of the arbitration, and that the Estate or any agent or anyone acting in concert with it is enjoined from seeking, supporting, encouraging, or participating in any way in any request or other activity to seek or procure a CNN from TCEQ or any other agency or governmental body having jurisdiction thereon during the pendency of the arbitration.