**JNC PARTNERS DENTON, LLC, Appellant,**

v.

**CITY OF DENTON, Texas, Appellee.**

No. 2–05–439–CV.

Court of Appeals of Texas, Fort Worth.

March 23, 2006.

---

11. *See, e.g., Earley,* 855 S.W.2d at 262–63.

Hughes & Luce, LLP, R. Matthew Molash, Dallas, for appellant.

Terry D. Morgan & Assocs., Terry D. Morgan, Dallas, for appellee.

PANEL M: GARDNER, WALKER, and McCOY, JJ.

## OPINION

ANNE GARDNER, Justice.

## I. Introduction

Appellant JNC Partners Denton, LLC appeals from the trial court's denial of its request for a temporary injunction enjoining Appellee City of Denton from annexing JNC's property. The underlying issue is whether JNC has shown a probable right to compel arbitration under section 43.052(i) of the local government code. *See* TEX. LOC. GOV'T CODE ANN. § 43.052(i)

(Vernon Supp.2005). We affirm the trial court's order denying the temporary injunction.

## II. Local Government Code Section 43.052

Because the resolution of this case depends on our interpretation of local government code section 43.052, we will first review the relevant portions of that section to put the facts and issues into context.

Section 43.052(c) requires a municipality to create and make known to the public a formal three-year annexation plan. *Id.* § 43.052(c). The plan gives three years' advance notice of the municipality's intention to annex to persons whose land is described in the plan. *Id.* An exception to this rule, section 43.052(h)(1), provides that a municipality is not required to include sparsely populated and predominately unimproved land in its three-year plan. *Id.* § 43.052(h)(1). Further, when proceeding pursuant to that exception, the municipality may annex the land as directed by sections 43.061–.065, which require substantially shorter notice than three years. *Id.* (providing that annexation outside a three-year plan is permitted if the area contains "fewer than 100 separate tracts of land on which one or more residential dwellings are located on each tract"); *id.* §§ 43.061–.065 (section 43.063 requires advance notice of intention to annex of only thirty days and section 43.064 requires completion of annexation within ninety days) (Vernon Supp.2005). When a landowner is notified that a municipality intends to annex the landowner's property using section 43.052(h)(1) annexation procedures and believes the procedure to be in violation of section 43.052(c), the landowner may petition the municipality under section 43.052(i) for inclusion of the land in a three-year annexation plan. *Id.* § 43.052(i). If the municipality "fails to

take action on the petition," the landowner may request arbitration. *Id.* The full text of section 43.052(i) provides as follows:

A municipality may not circumvent the requirements of this section by proposing to separately annex two or more areas described by Subsection (h)(1) if no reason exists under generally accepted municipal planning principles and practices for separately annexing the areas. If a municipality proposes to separately annex areas in violation of this section, a person residing or owning land in the area may petition the municipality to include the area in the municipality's annexation plan. If the municipality fails to take action on the petition, the petitioner may request arbitration of the dispute. The petition must request the appointment of an arbitrator in writing to the municipality. Sections 43.0564(b), (c), and (e) apply to the appointment of an arbitrator and the conduct of an arbitration proceeding under this subsection. Except as provided by this subsection, the municipality shall pay the cost of arbitration. If the arbitrator finds that the petitioner's request for arbitration was groundless or requested in bad faith or for the purposes of harassment, the arbitrator shall require the petitioner to pay the costs of arbitration.

*Id.*

### III. Factual and Procedural History

With section 43.052 as a backdrop, we turn to the factual and procedural history of this case.

JNC owns a large area of land northeast of Denton's city limits and just south of Lake Ray Roberts. JNC submitted to Denton a petition for consent to create a water control and improvement district involving JNC's property. Two months later, Denton mailed notices to property owners announcing its intention to annex about 5,900 acres of territory, including all of JNC's property, under section 43.052(h).[1] JNC's petition to create a water control district was a triggering event for Denton's proposed annexation.

JNC submitted a letter to Denton requesting that Denton include its property in Denton's three-year annexation plan. Denton denied JNC's request. Meanwhile, Denton proceeded with its proposed annexation by conducting two required public hearings.

JNC submitted a written arbitration request to Denton, and Denton rejected the request. JNC then sued Denton to compel arbitration. JNC sought a temporary restraining order and temporary and permanent injunctions to preserve the status quo pending arbitration. Denton filed a plea to the jurisdiction. The trial court heard Denton's plea and orally denied it. The trial court then considered JNC's request for a temporary injunction, which the parties submitted to the court on stipulated facts. The trial court denied JNC's request.

JNC filed a notice of interlocutory appeal and an emergency motion for temporary stay. We granted a temporary stay and ordered Denton to refrain from taking further steps to annex JNC's property pending resolution of this appeal. When Denton requested a reciprocal stay, we ordered JNC to refrain from taking steps to complete the formation of its water control district or to seek approval for plats to develop its property pending resolution of this appeal. When Denton later proposed to amend its municipal platting ordinances in a manner that JNC alleged would have a substantial effect on JNC's rights, we ordered Denton to refrain from

---

**1.** Denton later reduced the proposed annexation area to about 5,800 acres.

amending the relevant ordinances pending resolution of this appeal.

## IV. Discussion

The issue presented by this appeal is narrow: did the trial court abuse its discretion by denying JNC's request for temporary injunctive relief? The trial court has not yet ruled on the merits of JNC's request to compel arbitration; thus, that ultimate issue is not before the court.

■■■ Whether to grant or deny a temporary injunction is within the trial court's sound discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002). The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Id.* A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Id.*; *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex.1993). To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204.

■■■ Our analysis will focus on the second element of the temporary injunction test; that is, whether JNC pleaded and proved a probable right to compel arbitration. To show a probable right of recovery, the applicant need not establish that it will finally prevail in the litigation, but it must, at the very least, present some evidence that, under the applicable rules of law, tends to support its cause of action. *In re Tex. Nat. Res. Conserv. Comm'n*, 85 S.W.3d 201, 204 (Tex.2002).

■■■ A threshold question of law in this case is whether a landowner may compel arbitration under section 43.052(i) when a municipality denies a petition to include the landowner's property in a three-year annexation plan. The Dallas court of appeals addressed this question in *Hughes v. City of Rockwall*, 153 S.W.3d 709 (Tex. App.-Dallas 2005, pet. granted). Rockwall argued that Hughes had no standing to compel arbitration because only the State, through a *quo warranto* proceeding, can compel a municipality to comply with section 43.052(i). *Id.* at 712. Rockwall also argued that denial of a landowner's petition to include property in a three-year annexation plan does not trigger the landowner's right to arbitrate because that right arises under section 43.052(i) only when the municipality "fails to take action on the petition," and denying the petition is taking action on it. *Id.* at 713. Denton makes the same arguments in this case.

The Dallas court rejected Rockwall's arguments. *Id.* at 713–14. We find the Dallas court's reasoning persuasive and reject Denton's arguments for the reasons articulated in *Hughes*. *See id.*

■■■ The next question is whether JNC proved a probable right to prevail on its request to compel arbitration. Section 43.052(i) provides that a landowner or resident may petition a municipality to include the land in a three-year plan if the municipality proposes to separately annex "areas" in violation of section 43.052(i), and may request arbitration if the municipality denies the petition. Tex. Loc. Gov't Code Ann. § 43.052(i). A "violation" occurs when a municipality proposes to "separately annex two or more areas described by Subsection (h)(1) if no reason exists under generally accepted municipal planning principles and practices for separately annexing the areas." *Id.* Thus, 43.052(i) creates a right to arbitrate only when the municipality proposes to separately annex multiple "areas" in violation of the section.

The stipulated facts submitted to the trial court in connection with the temporary injunction hearing prove that Denton proposed to annex but one area, the area including JNC's property. The stipulated facts show that Denton proposed annexing another area, the AshGrove Cement Annexation, in mid–2005, but Denton abandoned that proposal for reasons purportedly unrelated to section 43.052. The parties also stipulated to the existence of several other proposed annexations, some completed and some abandoned, in 2001 and 2002. It is impossible to tell from the sparse facts recited in the stipulations whether Denton pursued those annexations under section 43.052(h). Indeed, it appears likely from the dates recited in the stipulations that Denton attempted those annexations under a transitional provision included in the 1999 legislation that allowed a municipality to annex territory under the prior statutory procedure for three years after section 43.052's effective date. *See* Act of June 18, 1999, 76th Leg., R.S., ch. 1167, § 17, 1999 Tex. Gen. Laws. 4090; *see also Hughes,* 153 S.W.3d at 712 (citing *City of Balch Springs v. Lucas,* 101 S.W.3d 116, 122 (Tex.App.-Dallas 2002, no pet.)). Further, all of those annexations preceded by several years the one at issue in this case.

JNC presented no evidence that tended to show that Denton proposed to annex two or more areas as described in section 43.052(h). Thus, JNC failed to prove a probable right to arbitration under section 43.052(i). We therefore hold that the trial court did not abuse its discretion by denying JNC's request for a temporary injunction.

## V. Conclusion

Having overruled JNC's issue, we affirm the trial court's denial of JNC's request for a temporary injunction and remand the case to the trial court for further proceedings. We deny Denton's "Motion to Dismiss Appeal for Mootness." The stays imposed by our orders of December 15 and 16, 2005, and March 17, 2006, will remain in effect for fourteen days from the date of this opinion to give the parties the opportunity to seek relief in the Supreme Court of Texas if they so desire.

WALKER, J., filed a dissenting opinion.

SUE WALKER, J. **dissenting.**

Because I would hold that JNC Partners Denton, LLC has shown a probable right to compel arbitration under section 43.052(i), I respectfully dissent.

The primary issue in this appeal—whether JNC has shown a probable right to compel arbitration under local government code subsection 43.052(i)—involves the proper statutory construction of that subsection. *See* Tex. Loc. Gov't Code Ann. § 43.052(i) (Vernon Supp.2005). That subsection provides in pertinent part:

> (i) A municipality may not circumvent the requirements of this section by proposing to separately annex two or more areas described by Subsection (h)(1) if no reason exists under generally accepted municipal planning principles and practices for separately annexing the areas. If a municipality proposes to separately annex areas in violation of this section, a person residing or owning land in the area may petition the municipality to include the area in the municipality's annexation plan. If the municipality fails to take action on the petition, the petitioner may request arbitration of the dispute.

*Id.*

Our primary goal in interpreting a statute is to ascertain and to effectuate the legislature's intent. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998). In doing so, we begin with the statute's plain language before

resorting to rules of construction. *Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001); *Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 865–66 (Tex.1999). We begin with the plain language because we assume that the legislature attempted to say what it meant; therefore, the statute's words should be the surest guide to the legislature's intent. *Fitzgerald,* 996 S.W.2d at 866.

The majority construes local government code section 43.052(i) as conferring a statutory right of arbitration only when a municipality proposes the **concurrent** annexation of two or more areas falling within the section 43.052(h) exception for mandatory inclusion in the municipality's three-year annexation plan. TEX. LOC. GOV'T CODE ANN. § 43.052(h)-(i) (Vernon Supp.2005). This construction by the majority renders the right to arbitration codified in section 43.052(i) meaningless because so long as the municipality sequentially annexes each individual 43.052(h)(1) area—never implementing concurrent annexation proceedings for two section 43.052(h)(1) areas—the right to arbitration is never triggered. The municipality may simply sequentially and continuously annex section 43.052(h)(1) areas, circumventing subsection (c)'s mandatory requirement that "[a] municipality *shall* prepare an annexation plan that specifically identifies annexations that may occur beginning on the third anniversary of the date the annexation plan is adopted." *Id.* § 43.052(c) (emphasis added).

Indeed, that is what the City did in this case; the City's three-year annexation plan is not an annexation plan at all, providing only that the City "has determined that any anticipated annexations in the foreseeable future will be exempt from the annexation plan ... pursuant to section 43.052(h)." The facts stipulated to by the parties at the temporary injunction hearing establish that the City had annexed multiple areas pursuant to section 43.052(h) within the three years preceding its proposed annexation of the area that included JNC's property.[1] Thus, the record shows that the City circumvented the statute's mandatory requirement that it prepare a three-year annexation plan by proposing and by accomplishing the annexation of two or more subsection (h)(1) areas during the purported three-year plan. And the City did not allege, argue, or prove in the trial court that any reason exists under generally accepted municipal planning principles and practices for separately annexing the "North Denton Annexation" that includes JNC's property.

Accordingly, I would decline to read the word "concurrent" into local government code subsection 43.052(i). I would hold that the stipulated facts establish that the City proposed to and did separately annex areas in violation section 43.052 and that, consequently, JNC has shown a probable right to compel arbitration under section 43.052(i).[2] Consequently, I would hold that the trial court abused its discretion by denying JNC's request for temporary injunctive relief.

---

1. In 2005, the City proposed the AshGrove Cement Annexation. Although that proposed annexation was withdrawn after two public hearings, it had been proposed concurrently with the present annexation. In 2002, the City annexed 104 acres owned by TRIO Operating Company and the Robson Ranch North area.

2. I agree with the majority that JNC satisfied the other two elements necessary to obtain a temporary injunction. *See, e.g., Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 2002).